## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER L. JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 12-350-LPS |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

Roger L. Johnson. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

## **MEMORANDUM OPINION**

March 18, 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I.     INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28
U.S.C. § 2254 ("Petition") filed by Petitioner Roger L. Johnson ("Petitioner").  (D.I. 1)  The
State has filed a Motion to Dismiss the Petition as time-barred by the limitations period
prescribed in 28 U.S.C. § 2244.  (D.I. 14)  For the reasons discussed, the Court will grant the
Motion.

## II.    BACKGROUND

On May 25, 2000, a Delaware Superior Court jury convicted Petitioner of two counts of
first degree robbery, two counts of possession of a firearm during the commission of a felony,
and one count of second degree conspiracy.  (D.I. 14 at 1)  The Superior Court sentenced
Petitioner as an habitual offender to a total minimum mandatory term of eighty years at Level V
imprisonment.  On June 18, 2002, the Delaware Supreme Court affirmed Petitioner's convictions
and sentence on direct appeal.  *See Johnson v. State*, 801 A.2d 10 (Table), 2002 WL 1343761
(Del. June 18, 2002).

Represented by counsel, Petitioner filed his first motion for post-conviction relief
pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on May 12, 2005.
*See Johnson v. State*, 947 A.2d 1121 (Table), 2008 WL 1778241 (Del. Apr. 21, 2008), *overruled
by Allen v. State*, 970 A.2d 203 (Del. 2009) (accomplice liability instruction).  The Superior
Court denied the Rule 61 motion on August 29, 2007, and the Delaware Supreme Court affirmed
that decision on April 21, 2008.  *Id.*

1

Acting *pro se*, Petitioner filed a second Rule 61 motion on September 23, 2009. (D.I. 14 at 2) While his second Rule 61 motion was pending before the Delaware Superior Court, Petitioner filed a petition for writ of mandamus asking the Delaware Supreme Court, *inter alia*, to order the Superior Court to grant his second Rule 61 motion. *See In re: Johnson*, 11 A.3d 227 (Table), 2010 WL 5232962 (Del. Dec. 20, 2010). The Delaware Supreme Court dismissed the mandamus petition on December 20, 2010. *Id.* On July 27, 2011, the Superior Court denied Petitioner's second Rule 61 motion, and the Delaware Supreme Court affirmed that judgment on January 25, 2012. *See Johnson v. State*, 36 A.3d 349 (Table), 2012 WL 252394, at *1 (Del. Jan. 25, 2012).

Petitioner filed the instant § 2254 Petition in March 2012, asserting the following four grounds for relief: (1) the Superior Court violated Petitioner's due process and equal protection rights by allowing his involuntary videotaped statement to be introduced as evidence during his trial; (2) Delaware's habitual offender statue, 11 Del. Code Ann. § 4214(a), is unconstitutional because it is ambiguous, arbitrary, and capriciously applied; (3) the Delaware state courts violated his due process and equal protection rights by denying his second Rule 61 motion; and (4) trial counsel provided ineffective assistance by failing to: (a) challenge the reasonable doubt instruction; (b) request a jury instruction on the lesser included offense of second degree robbery; and (c) request a complete instruction on accomplice liability. (D.I. 1) The State filed a Motion to Dismiss the Petition as time-barred. (D.I. 14) Petitioner filed a Reply arguing that the limitations period should be equitably tolled. (D.I. 15) The State filed a Response in opposition. (D.I. 16)

2

III.   **THE ONE YEAR STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996.  28 U.S.C. § 2244(d)(1).  AEDPA prescribes a one-year

period of limitations for the filing of habeas petitions by state prisoners, which begins to run

from the latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling.

*See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2)

(statutory tolling).

IV.   **DISCUSSION**

Petitioner's § 2254 Petition, filed on March 13, 2012,[2] is subject to the one-year

limitations period contained in § 2244(d)(1).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Petitioner does not allege, and the Court cannot discern, any facts triggering the application of

---

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (March 13, 2012)
as the date of filing.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

§ 2244(d)(1)(B) or (C).  However, the Court recognizes that Petitioner's equitable tolling

argument involving *Allen v. State*, 970 A.2d 203 (Del. 2009) may be viewed as an

attempt to trigger a later starting date under § 2244(d)(1)(D).  (D.I. 15)  More specifically,

Petitioner appears to contend that *Allen* provides the factual predicate for his claim that counsel

provided ineffective assistance with respect to the accomplice liability jury instruction and,

therefore, provides a later starting date of  February 17, 2009 under § 2244(d)(1)(D).  This

argument is unavailing.  As a general rule, a state court decision clarifying or re-defining state

law does not trigger § 2244(d)(1)(D) unless the petitioner was a party to the case.  *C.f. Johnson v.*

*United States,* 544 U.S. 295 (2005) (holding that a notice of order vacating a federal prisoner's

prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations

period, provided petitioner has shown due diligence in seeking the order); *see Shannon v.*

*Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (explaining that a state court decision clarifying or

re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that

case.).  In *Allen*, the Delaware Supreme Court reinterpreted 11 Del. Code Ann. § 274 and held

that a defendant is entitled to an accomplice liability instruction requiring the jury to make an

individualized determination regarding his own mental state and accountability for any

aggravating fact or circumstances when the charges are divided into degrees.  *See Allen*, 970

A.2d at 214.  The *Allen* Court also overruled prior panel decisions that were inconsistent with

this new holding, and cited to Petitioner's decision on appeal (*Johnson v. State*, 2008 WL

1778241 (Del. Apr. 21, 2008)) as one of several examples. *See Allen*, 970 A.2d at 214 n.38.

Nevertheless, the *Allen* Court's reference to Petitioner's decision on direct appeal does not

change the fact that Petitioner was not a party to the *Allen* case.  In turn, the Delaware Supreme

4

Court subsequently held that *Allen* is not retroactively applicable to cases on collateral review[3] and, when the Delaware Supreme Court denied Petitioner's second Rule 61 appeal, it expressly held that *Allen* was inapplicable to Petitioner's case. *See Johnson*, 2012 WL 252394, at \*1. For all of these reasons, the Court concludes that the *Allen* decision does not establish a factual predicate for Petitioner's claim that counsel provided ineffective assistance with respect to the accomplice liability jury instruction.

Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on June 18, 2002, and Petitioner did not seek certiorari review. Consequently, Petitioner's convictions became final on September 16, 2002. Applying the one-year limitations period to that date, Petitioner had until September 16, 2003 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (the day of the event that triggers the period is excluded when computing time periods). Petitioner, however, waited until March 13, 2012 to file the instant Petition, approximately eight and one-half years after the expiration of the limitations period. Thus, the Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[3]*Richardson v. State*, 3 A.3d 233 (Del. 2010).

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

In this case, the limitations period expired on September 16, 2003, and Petitioner filed his first Rule 61 motion on May 12, 2005. As a result, Petitioner's first and second Rule 61 motions do not have any statutory tolling effect. Therefore, the Petition must be dismissed as time-barred, unless equitable tolling applies.

## B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing;"[4] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

---

[4]*Holland*, 130 S.Ct. at 2562.

6

*Jones,* 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner contends that the *Allen* decision constitutes an extraordinary circumstance for equitable tolling purposes. Although not entirely clear, Petitioner appears to argue that he could not have filed a federal habeas petition containing his ineffective assistance/accomplice liability instruction argument while the *Allen* case was pending before the Delaware state courts because the petition would have been viewed as a mixed petition. (D.I. 15 at 4) As such, Petitioner asserts he was just waiting until the "unsettled" question of law presented in *Allen* was decided so that his federal habeas petition would contain only exhausted claims. *Id.* This argument is unavailing. First, as previously explained, *Allen* involved a question of state law in another person's case and is not retroactively applicable on state collateral review. In turn, in Petitioner's second post-conviction appeal, the Delaware Supreme Court expressly held that *Allen* was not applicable to Petitioner's situation. Consequently, because *Allen* had no effect on Petitioner's claims, the Court fails to see how waiting for the *Allen* decision actually prevented Petitioner from filing a timely federal habeas petition.

Second, even if *Allen* could somehow provide a basis for equitable tolling, Petitioner has failed to account for the period of time between September 16, 2003 (the last day on which he could have filed a timely habeas petition) and February 17, 2009 (the date on which the Delaware Supreme Court decided *Allen*). Although Petitioner filed his first Rule 61 motion on May 12, 2005, which remained pending before the Delaware state courts until April 21, 2008, Petitioner does not address the fact that his first Rule 61 motion was filed approximately one and one-half years after the expiration of AEDPA's limitations period. In other words, regardless of

7

*Allen*'s import on his case, Petitioner's failure to exercise reasonable diligence in pursuing his first Rule 61 motion precludes any equitable tolling of the one and one-half year period from September 16, 2003 to May 12, 2005.

Third, even if the Court were to equitably and statutorily toll the limitations period from September 16, 2003 (the last day to file a timely petition) through February 17, 2009 (the date *Allen* was decided), the Petition would still be untimely. Once *Allen* was decided, Petitioner had to immediately file a habeas petition in order for it to be timely. Without explanation, Petitioner let two hundred and seventeen days lapse before he filed his second Rule 61 motion on September 23, 2009. Such delay does not constitute reasonable diligence and, therefore, precludes the equitable tolling of this time period. Because the limitations period expired well before Petitioner filed his second Rule 61 motion, the second Rule 61 motion did not statutorily toll the limitations period, which, in turn, means that the Petition was still filed too late.

Finally, to the extent Petitioner's untimely filing of the Petition was the result of a miscalculation regarding the one-year filing period, or due to his lack of legal knowledge, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the Petition as time-barred.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying

8

constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons discussed, the State's Motion to Dismiss is **GRANTED**, and Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DISMISSED**. An appropriate Order will be entered.

9